UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD WEIMER, | 1:06-cv-0735 OWW DLB |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 11/30/07 |
| COUNTY OF KERN, et al., | Non-Dispositive Motion Filing Deadline: 12/14/07 |
| Defendants. | Dispositive Motion Filing Deadline: 1/4/08 |
| | Settlement Conference Date: 3/9/07 10:00 Ctrm. 9 |
| | Pre-Trial Conference Date: 3/31/08 11:00 Ctrm. 3 |
| | Trial Date: 4/29/08 9:00 Ctrm. 3 (JT-24 days) |

I.  Date of Scheduling Conference.

    January 26, 2007.

II. Appearances Of Counsel.

    Patience Milrod, Esq., and Laurence O. Masson, Esq., appeared on behalf of Plaintiff.

    Mark Nations, Esq., appeared on behalf of Defendants County of Kern, the Sheriff's Department, Brad Darling, Caroline Darling, Barbara Jones, Irene Valos and Ed Jagels.

1

Weakley, Ratliff, by James Arendt, Esq., appeared on behalf of Defendant Andrew Gindes.

Oliver U. Robinson, Esq., appeared on behalf of Defendant Jack Rutledge.

III. Summary of Pleadings.

1. Plaintiff, Howard Weimer, brings this action pursuant to 42 U.S.C. Section 1983 and California law, asserting his wrongful conviction and imprisonment on false charges of child molestation. Plaintiff asserts that Defendants' acts and omissions - in engaging *inter alia* in fatally flawed investigations which foreseeably resulted in coerced, false and unreliable testimony; in failing and refusing to gather, preserve and/or disclose material exculpatory evidence; and in failing to adequately manage and supervise the criminal investigation - constituted violations of Plaintiff's statutory and constitutional rights and were the direct and proximate cause of his wrongful conviction and imprisonment.

2. Plaintiff alleges unspecified medical expenses, general damages, punitive damages against the individual Defendants and entitlement to declaratory relief and attorneys' fees and costs.

3. Defendants assert that they acted at all times with probable cause and that the investigation methods utilized were in common use among law enforcement agencies at the time. The evidence of Plaintiff's guilt passed muster with the preliminary hearing judge, a jury of Plaintiff's peers, and an appellate court. At no time did Defendants know or have reason to know Plaintiff was innocent, nor did they utilize investigation techniques that were so abusive or wrongful that they knew or

should have known they would yield false information.  Defendant Jack Rutledge contends that the Plaintiff, Howard Weimer, was, in fact, guilty of child molestation.  While Plaintiff was being prosecuted for child molestation, other victims came forward who also accused him and which resulted in the filing of separate charges which were ultimately dismissed after Plaintiff's conviction was upheld on appeal.  None of the children who accused Plaintiff of child molesting have ever recanted.  Defendants turned over all exculpatory evidence which the court overseeing the prosecution ordered it to turn over.  Defendants did not withhold exculpatory evidence in violation of *Brady v. Maryland*.  Defendants Edward Jagels, Andrew Gindes, Barbara Jones, Carol Darling and Irene Valos all claim absolute immunity.  Defendants Brad Darling, Jack Rutledge, Edward Jagels, Andrew Gindes, Carol Darling, Barbara Jones and Irene Valos all claim qualified immunity.  Defendant Edward Laurence Kleier died on January 5, 2007, of renal cancer.  Defendant Jagels contends the action against him is barred by the Eleventh Amendment.

IV.   Orders Re Amendments To Pleadings.

    1.   Pursuant to the Court's December 27, 2006, order on Defendant Gindes' Rule 12(b)(6) motion, Plaintiff has filed a First Amended Complaint on January 8, 2007.  No other amendments to the pleadings are contemplated at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff Howard Weimer, is a resident of Kern County, Eastern District of California.  He is 83 years old.

3

           2.   All Defendants at all relevant times were public entities or agencies, or elected or appointed officials of Kern County, or were otherwise employed by the County of Kern, and were acting under color of law.  Defendant Irene Valos was neither a county employee nor an elected or appointed official during the times relevant to this case.  She was working on an internship through Kern County.

           3.   In 1985, Mr. Weimer was convicted of molesting two foster children who had been placed in his home by the Kern County Welfare Department.  Mr. Weimer was imprisoned from January 1988, until December 27, 1997.

           4.   Mr. Weimer's conviction was overturned in 2004.

    B.   Contested Facts.

           1.   Defendants contest the facts alleged by Plaintiff relating to liability.

           2.   Defendants contest the facts alleged by Plaintiff relating to damages.

VI.  Legal Issues.

    A.   Uncontested.

           1.   Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. 1983 et seq.

           2.   Venue is proper under 28 U.S.C. § 1391(b) and the Civil Rights Act.

           3.   The parties agree that as to supplemental claims, the substantive law of the State of California provides the rule of decision.

    B.   Contested.

           1.   Whether Defendants' investigation, prosecution and

conviction of Plaintiff violated Mr. Weimer's state and federal statutory and constitutional rights.

2. Whether Defendants' challenged acts and omissions in investigating, prosecuting and securing Mr. Weimer's conviction constituted a longstanding practice or custom of Kern County within the meaning of *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and/or represented acts of, or ratification by, Kern County "final policymakers" within the meaning of *McMillian v. Monroe County*, 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

3. The nature and extent of Mr. Weimer's injuries and damages.

4. Whether Mr. Weimer is entitled to punitive damages.

5. Whether Mr. Weimer is entitled to declaratory relief on his California constitutional claims.

6. Whether there are affirmative defenses pertinent to this matter.

7. whether any of the Defendants is absolutely immune; whether any of the Defendants is qualifiedly immune; whether the action against Defendant Jagels is barred by the Eleventh Amendment.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in

1  this court shall file a statement identifying all its parent
2  corporations and listing any entity that owns 10% or more of the
3  party's equity securities.  A party shall file the statement with
4  its initial pleading filed in this court and shall supplement the
5  statement within a reasonable time of any change in the
6  information.
7  IX.  Discovery Plan and Cut-Off Date.
8       1.   Proposed changes to the limits of discovery as set
9  forth by Fed. R. Civ. P. 26(b), 30(a)(2)(A), (B) or (C), 30(d),
10 or 33(a):
11           a.   Defendants request that the deposition limit be
12 raised to 30 per side with the privso that more may be requested
13 should the need arise and the parties cannot agree.  The parties
14 will consider any other expressed needs on a case-by-case basis
15 of they arise.
16      2.   Need for a protective order:
17           a.   Plaintiff anticipates that records relating to
18 identities of former foster children, and county records and
19 investigations involving them, including medical records, will be
20 produced pursuant to some kind of protective order.
21      3.   Issues or proposals relating to timing, sequence or
22 scheduling of discovery:
23           a.   By the time of the scheduling conference,
24 Plaintiff will have subpoenaed what the Attorney General's Office
25 has described as approximately 18 banker's boxes of backup
26 materials supporting its 1986 report regarding Kern County child
27 molestation investigations and prosecutions.  It may be necessary
28 to refer to the Court for enforcement of that subpoena.

6

1    4.   Discovery outside of the United States:
2         a.   No such discovery is currently anticipated.
3    5.   Video or sound recording of depositions:
4         a.   Plaintiff will video-record Mr. and Mrs. Weimer's depositions.
5    6.   Proposal for mid-discovery status report and conference:
6         a.   The parties will request such a conference if it appears there is need.
7    7.   The parties are ordered to complete all discovery on or before November 30, 2007.
8    8.   The parties are directed to disclose all expert witnesses, in writing, on or before October 1, 2007.  Any supplemental or rebuttal expert disclosures will be made on or before November 1, 2007.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.
9    9.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

7

**X.   Pre-Trial Motion Schedule.**

1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 14, 2007, and heard on January 18, 2008, at 9:00 a.m. before Magistrate Judge Dennis L. Beck in Courtroom 9.

2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

3.   All Dispositive Pre-Trial Motions are to be filed no later than January 4, 2008, and will be heard on February 11, 2008, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

**XI.   Pre-Trial Conference Date.**

1.   March 31, 2008, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

///

**XII. Trial Date.**

    1.    April 29, 2008, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    24 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIII.    Settlement Conference.**

    1.    A Settlement Conference is scheduled for March 9, 2007, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

   4.   **Confidential Settlement Conference Statement.**
At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

   5.   The Confidential Settlement Conference Statement shall include the following:

   a.   A brief statement of the facts of the case.

   b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c.   A summary of the proceedings to date.

   d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

   e.   The relief sought.

   f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

*///*

XIV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    The amount of punitive damages, if any, shall be tried in a second phase after any determination of liability and the right to damages. The second phase shall be tried continuously before the same jury. Whether *Monell* issues shall be bifurcated from liability issues shall be decided by motion.

XV. Related Matters Pending.

    1.    The issues in this case related to Kern County's pattern and practice of due process violations by fabricating evidence of child molestation through abusive and coercive questioning of witnesses, and of withholding exculpatory evidence in molestation cases, have also been raised in *John Andrew Stoll v. County of Kern, et al.*, Eastern District of California 1:05-cv-1059 OWW SMS.

XVI. Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVII. Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   January 26, 2007          /s/ Oliver W. Wanger
emm0d6                                UNITED STATES DISTRICT JUDGE